PEOPLE *ex rel.* TULL v. KENNY.

*Supplementary proceedings — irregularity in order to show cause.*

The judgment debtor in proceedings supplementary to execution, not having appeared in pursuance of the order for examination, was served with an order to show cause why "he should not be *attached* as for a contempt." Upon the return of that order, the debtor not appearing, an order directing his punishment was made. *Held* proper. The use of the word "*attached*" was, at most, an irregularity, and gave the debtor sufficient notice that proceedings to punish him had been instituted.

APPEAL from an order denying a motion to set aside an order directing the punishment of defendant for contempt, committed by fail-

ing to appear and submit to an examination concerning his property in proceedings supplementary to the return unsatisfied of an execution issued against property. The proceedings were instituted upon the relation of Charles Tull, the judgment creditor, against Peter Kenny, the judgment debtor named therein.

*H. C. Denison,* for appellant.

*Tremain, Tyler & Patterson,* for respondent.

DANIELS, J. The order which the motion was made to vacate was made on the return of an order requiring the defendant to appear at a certain time and place specified, and show cause why he should not be attached as for a contempt, and it is claimed to have been irregular because it did not require him to show cause why he should not be "punished" as for a contempt. The latter is no doubt the most preferable and correct form of proceeding. But from the affidavit accompanying the order to show cause, it clearly appeared that the proceeding was instituted on the fact of his neglect to appear and be examined as he had been required by the original order made. And the defendant does not claim that he was misled or failed to appear and oppose the application, or excuse his default, in consequence of the use of the term "attached" in place of the more appropriate term "punished." The object of the order was to give him notice of the proceeding intended to be taken against him, so that he could appear and defend or excuse himself, in case he desired to do so. And no reason exists for supposing he failed to do so because of the informality now complained of. And nothing has been shown by him which would justify his omission to appear when he was first required to do so, or excuse him from answering if he had appeared, on either occasion.

The defect relied upon in support of the motion was at most an irregularity which was not shown to have prejudiced the defendant in any way whatever. The import of the order requiring him to appear and show cause was, that he was to be proceeded against for his previous default. And that afforded him good reason for believing that he would be punished unless his default was justified or excused at the return of the order.

As an irregularity the order should, in terms, have specified it as the ground on which the motion would be made. That was re-

quired by the forty-sixth rule. It did not do so, and for that as well as the other reasons mentioned, the motion was properly denied.

The order should be affirmed, with $10 costs besides disbursements.

*Order affirmed.*